IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAVID SHEPPARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-03360 |
| | ) |
| DARREN BRYANT, Mayor of Vill. of Robbins, | ) Hon. Judge Edmond E. Chang |
| Illinois, in his individual and official capacities, | ) |
| capacity, and the VILLAGE OF ROBBINS, | ) **JURY DEMANDED** |
| as indemnitor, | ) |
| | ) |
| Defendants. | ) |

**JOINT STATUS REPORT PURSUANT TO DOCKET #6**

Pursuant to the Court's July 12, 2023, Minute Entry (Dkt. No. #6), Plaintiff, David Sheppard and Defendants Village of Robbins, an Illinois municipal corporation, and Defendant Mayor Darren Bryant hereby submit this Joint Settlement Status Report.

    **1.**    **The Nature of the Case**

        **a.**  The attorneys of record for each party:

            For Plaintiff:
                Gianna Scatchell, Esq.
                Cass C. Casper, Esq.
                DISPARTI LAW GROUP, P.A.
                121 W. Wacker Drive, Suite 2300
                Chicago, Illinois 60601
                (312) 506-5511 ext. 330
                Gia@dispartilaw.com
                Ccasper@dispartilaw.com

        **b.**  For Defendants:
                Cynthia Grandfield, Esq. (lead)
                Alisha N. Chambers, Esq.
                Del Galdo Law Group, LLC
                111 N. Wabash, Suite 908
                Chicago, Illinois 60602
                P: (312) 222-7000

grandfield@dlglawgroup.com
chambers@dlglawgroup.com

2. **The nature of the claims:** In his 9-count Complaint, Plaintiff alleges he was improperly terminated as the police chief from the Village of Robbins. In particular: Count I – Violation of Procedural Due Process; Count II – Writ of Mandamus (State Claim); Count III - 42 U.S.C. § 1983 Deprivation Of First Amendment Rights Of Speech and for Wrongful Termination of Employment; Count IV – 42 U.S.C. § 1983 Claim Of Retaliation For Deprivation Of Rights; Count III- Monell Claim For Deprivation Of Plaintiff's First Amendment Rights; Count V–42 U.S.C. § 1983 Monell Claim; Count VI – Violation of the Whistleblower Act (740 ILCS §174/1) (State Claim); Count VI[1] (Violation of the Illinois Wage Payment & Collection Act) (State Claim); And Count VIII – Indemnification Against Village of Robbins, Illinois. Defendants deny any wrongdoing.

    a. Major legal and factual issues:

        1. Whether Plaintiff was constructively terminated as the police chief without proper due process;

        2. Whether Plaintiff's separation was in retaliation for a protected activity.

        3. Whether Plaintiff had a due process right to his employment.

        4. Whether the process Plaintiff received was adequate.

        5. Whether and to what extent Plaintiff was damaged.

    b. State the relief sought by the parties: Plaintiff prays for actual, compensatory,

---

[1]

and exemplary damages, as well as prejudgment interest and attorneys' fees and costs.

3. **The basis of federal jurisdiction:** The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as some of Plaintiff's claims sound in federal law (*e.g.*, Title VII and 42 U.S.C. § 1983). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. **Status of service:** All Defendants (including Mayor Darren Bryant in both his individual and official capacities) have appeared. Mayor Bryant's counsel was issued a waiver of service on July 14, 2023 and his attorney executed it on July 31, 2023.

5. **Consent to Proceed Before a United States Magistrate Judge**: Counsel has advised their clients that they may proceed before a Magistrate Judge. At this stage, there is not unanimous consent to proceed before a Magistrate Judge.

6. **Motions**: Defendants intend to file at least a partial motion to dismiss.

7. **Case Plan**:

   a. Pleadings: Parties agree that Defendants' answer or responsive pleadings will will be filed by August 18, 2023.

   b. The parties believe that written discovery, oral discovery, and potentially expert discovery will be required. The parties propose:

      1. October 15, 2023 as the date their Rule 26(a)(1) disclosures are due.
      2. November 15, 2023 as the first date to issue written discovery.
      3. August 1, 2024 as the fact discovery completion date.
      4. The parties request the Court reserve setting dates for expert

          discovery and dispositive motions.

      **c.** The parties have requested a jury trial. Presently, the parties cannot estimate the length of trial as the scope of the claim is not yet determined as the Defendants intend to file at least a partial motion to dismiss.

8. **The status of any settlement discussions:** The parties have not engaged in settlement discussions. At this stage, the parties do not believe a settlement conference would be productive.

          Respectfully submitted,

          David Sheppard

          By: s/ Gianna R. Scatchell, esq.


Gianna Scatchell, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
(312) 506-5511 ext. 330
Gia@dispartilaw.com


          Defendant:

          By: /s/ Cynthia S. Grandfield


Cynthia S. Grandfield (ARDC No. 6277559)
Alisha N. Chambers
Del Galdo Law Group, LLC

111 N. Wabash, Suite 908
Chicago, Illinois 60602
(312) 222-7000 (t)
grandfield@dlglawgroup.com
chambers@dlglawgroup.com