IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| DAVID SHEPPARD, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2023 CV 03360 |
| ) | |
| VILLAGE OF ROBBINS, et al. ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)**

NOW COME the Defendants, the VILLAGE OF ROBBINS and Mayor DARRELL BRYANT, by and through their attorney, Cynthia S. Grandfield of Del Galdo Law Group, LLC and in support of it motion to dismiss argues:

Sheppard, the now former Chief of Police, brings the following claims in relation to his employment: (1) procedural due process (§ 1983); (2) writ of mandamus (Illinois); (3) First Amendment (§1983); (4) "deprivation based on retaliation" referencing the Fourteenth Amendment (§1983); (5) *Monell* §1983 claim; (6) Illinois Whistleblower Act claim (misnumbered as a second count V); (7) Illinois Wage Payment and Collection Act claim (misnumbered as count VI); (8) Illinois Tortious Interference with Continued Employment claim (misnumbered as count VII); (9) Illinois indemnification claim (misnumbered as count VIII).

All federal §1983 claims brought by Sheppard are subject to dismissal. Specifically, Sheppard cannot make out a due process claim because he lacks a protected property interest in the Chief of Police position. All the alleged speech

1

that Sheppard claims he was retaliated against for under the First Amendment clearly falls under *Garcetti v. Ceballos* and eliminates his ability to make a claim. Because there are no underlying constitutional injuries, Sheppard's *Monell* claim also fails.

Having no remaining federal claims, the Court should decline to continue to exercise supplemental jurisdiction over Sheppard's state law claims. However, should the Court continue to exercise supplemental jurisdiction over the state law claims, certain claims are also subject to outright dismissal. Specifically, the writ of mandamus requests this Court to issue a writ on the discretionary matter of employee hiring and firing.

    I.    *Standard for Dismissal*

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. City of Boone, Ill.,* 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a). But the complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (7th Cir. 2009)(*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555.

> II.  *Procedural Due Process (Count I and Count IV [to the extent it references the 14th Amendment]).*

Sheppard contends that the Defendants violated the Constitution of the United States and the Illinois Constitution by removing him from his position as the Village's Chief of Police without due process. To adequately plead a procedural due process claim, Sheppard must allege: (a) he had a constitutionally protected property interest; (b) he suffered a deprivation of that property interest; and (c) the deprivation occurred without due process. *See Moss v. Martin,* 473 F.3d 694, 700 (7th Cir. 2007). "Property interests are created and defined by an independent source, such as state law or a contract." *Miyler v. Vill. of E. Galesburg*, 512 F.3d 896, 898 (7th Cir. 2008); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). Generally, for a statute to create a property interest in employment, the statute must provide substantive limitations on the employee's "at-will" status, such as providing that an employee can only be terminated for "cause" or "just cause." However, simply describing a procedure by which an individual can be removed is not enough. *See Miyler v. Vill. of E. Galesburg*, 512 F.3d 896, 898 (7th Cir. 2008)(procedural guarantees not sufficient to establish property right); *Cain v. Larson*, 879 F.2d 1424,1426 (7th Cir. 1989) ("If a statute or

3

regulation merely delimits what procedures must be followed before an employee is fired, then it does not contain the requisite substantive predicate.").

In this case, Sheppard alleges that Section 10-2.1-4 of the Illinois Municipal Code establish that he has a property interest in the position of Village Police Chief. *See* Dkt. No. 1, ¶72, 74, 77. However, this statute merely provides procedural guarantees, not substantive property rights. First, Section 10-2.1-4 of the Municipal Code provides in relevant part:

> If the chief of the fire department or the chief of the police department or both of them are appointed in the manner provided by ordinance, they may be removed or discharged by the appointing authority. In such case the appointing authority shall file with the corporate authorities the reasons for such removal or discharge, which removal or discharge shall not become effective unless confirmed by a majority vote of the corporate authorities.

65 ILCS 5/10-2.1-4.[1]

This Section does not provide any substantive limitations on when a police chief may be removed or the reasons that justify such a removal. It simply describes the process for doing so. This is insufficient to establish a property right.

Sheppard admits that the Village utilizes 65 ILCS 5/3.1-35-10 with respect to the removal of a police chief. *See* Dkt. No. 1, ¶74-75. However, the Seventh Circuit has already held that that section did not establish a property right. In *Miyler,* a former police chief brought a 1983 claim against his former employer, contending that Section 3.1-35-10 of the Illinois Municipal Code granted him a property

---

[1] Sheppard also cites to 65 ILCS 5/10-2.1-17, which essentially restates the same process for removal of a Police Chief.

interest in his position. *See Miyler*, 512 F.3d at 897. The Seventh Circuit disagreed. *Id.* at 897-898. Section 3.1-35-10 provides a particular process for the removal of an appointed officer
but does not contain any substantive limitations. See 65 ILCS 5/3.1-35-10. According to the court, "[p]rocedural guarantees do not establish a property interest protected under the Fourteenth Amendment's Due Process Clause . . . [A] statute which merely provides procedures to be followed does not include a substantive right." *Miyler*, 512 F.3d at 898. Because the Municipal Code only provided procedural safeguards and not "substantive criteria limiting the [government's] discretion," the former chief could not use it to establish he had a property interest protected by the Due Process Clause. *Id.*

Sheppard's case is essentially identical to the former chief's in *Miyler*. The Municipal Code, at best, provides him with a process for how he can be removed from service. It does not guarantee that his employment will only be terminated for "cause" or contain any other substantive limitation on his removal. As such, his reliance on the Municipal Code's procedural safeguards is simply ineffective.

In addition, it is also worth noting that, as Sheppard admits in his complaint, the Village is a home rule municipality. In Illinois, "Section 10-2.1-4 is not a limitation on the home-rule village's power to adopt different procedures for discharging its police chief." *Mandarino v. Vill. of Lombard*, 92 Ill. App. 3d 78, 81 (2d Dist.1980). By extension, the Village would be within its authority to adopt an

5

ordinance allowing the unilateral removal of a Chief of Police without any due process or substantive limitations on his employment. *Id.* at 80-81.

In sum, Sheppard has not sufficiently alleged that he had a property interest in the Chief of Police position. Therefore, this count should be dismissed.

> III.  First Amendment (Count II and Count IV [to the extent it references "retaliation"])

Sheppard also alleges that his First Amendment rights were violated or that he was otherwise retaliated against for speaking out on matters of public concern. *See* Dkt. No. 1, ¶105-129. However, by Sheppard's own admission, he was the police chief in the Village of Robbins. *See* ¶4. As the Chief of Police, Sheppard's speech falls firmly within *Garcetti v. Ceballos* and bars any First Amendment claim. First Amendment protects the speech of public employees only if they were speaking "as a citizen" rather than "pursuant to their official duties." *Garcetti v.* Ceballos, 547 U.S. 410, 421–22 (2006).

However, the Seventh Circuit has declined to read *Garcetti* as applying only to speech that is part of "a public employee's ordinary daily job duties." *Vose v. Kliment*, 506 F.3d 565, 572 (7th Cir. 2007); *see also Kubiak v. City of Chicago*, 810 F.3d 476, 481–82 (7th Cir. 2016) (*Garcetti* not limited to "routine job duties"). Rather, it is enough if the speech relates to activities that fall "within the general ambit of his job." *Fairley v. Andrews*, 578 F.3d 518, 523 (7th Cir. 2009). It doesn't matter whether the employee had "total control" over the issues he was addressing. *See Ulrey v. Reichhart*, 941 F.3d 255, 260 (7th Cir. 2019). Further, the Seventh Circuit has consistently held that an employee's complaints to or about supervisors

6

regarding how the agency or department is run owes its existence to the employee's professional responsibilities, so it isn't citizen speech. *Mills v. City of Evansville, Indiana*, 452 F.3d 646, 648 (7th Cir. 2006). Additionally, an employee's complaints about workplace misconduct aren't protected under the First Amendment, even when the employee's express job duties didn't include a duty to report that misconduct. *See, e.g., Hatcher v. Bd. of Trustees of S. Illinois Univ.*, 829 F.3d 531, 539 (7th Cir. 2016), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016); *McArdle v. Peoria Sch. Dist. No. 150,* 705 F.3d 751, 754 (7th Cir. 2013). Lastly, the Seventh Circuit has "held on several occasions that a police officer's duty to report official police misconduct is a basic part of the job" for the purpose of a *Garcetti* analysis, so that type of speech isn't protected. *Forgue v. City of Chicago*, 873 F.3d 962, 967 (7th Cir. 2017) (*citing Roake v. Forest Pres. Dist. of Cook Cty.*, 849 F.3d 342, 346 (7th Cir. 2017); *Kubiak*, 810 F.3d at 481–82; Vose, 506 F.3d at 571). Regardless of the officer's job description, he or she has an inherent duty to protect the public from harm. *Forgue,* 873 F.3d at 967. That duty extends to "harm resulting from illegal activity by law enforcement." *Roake*, 849 F.3d at 346–47.

In this case, all of the speech Sheppard alleges he engaged in clearly falls within his role as a Police Chief so as to "fall within the general ambit of his job," relate to alleged workplace misconduct or police officer misconduct, or raise complaints as to how the workplace is run. Specifically, Sheppard alleges that the speech he engaged in was: (a) actions related to the termination of a deputy chief

7

(Dkt. No. 1, ¶18-31); (b) the mayor's request that a car that was the subject of a criminal investigation be moved (¶32-38); (c) the mayor's hiring of a police officer(¶39-61); (c) and questioning the: allowance of a fireworks display without a permit; the identification of the location of a shooting; the promotion by a local business of cannabis sales; and the classification of officers as part-time (¶62-65).

    IV.    *Monell (Count V)*

With respect to this Count, it is unclear which claim or claims Sheppard is attempting to make out a *Monell* claim against the Village for so this claim also fails under the plausibility standard of *Twombly/Iqbal*. However, the Court need not reach that issue, as Sheppard fails to plead either a procedural due process or a First Amendment claim, there is no underlying constitutional injury. Because there is no underlying constitutional injury, the Village cannot be liable under Monell and is immune from liability with respect to all Section 1983 Counts against it. *See Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007); *King v. East St. Louis Sch. Dist. l89*, 496 F.3d 812, 817 (7th Cir. 2007); *Thurman v. Village of Homewood*, 446 F.3d 682, 686 (7th Cir. 2006); *Windle v. City of Marion,* 321 F.3d 658, 663 (7th Cir. 2003).

    V.    *The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.*

In addition to his federal claims, Sheppard also brings a variety of state law claims against the Village and the Mayor including: (a) writ of mandamus; (b) an Illinois Wage Payment and Collection Act; (c) tortious interference with employment; (d) an Illinois Whistleblower Act claim; and (e) indemnification. As

8

the Seventh Circuit has repeatedly held, "[t]he supplemental-jurisdiction statute provides that the district court 'may decline to exercise supplemental jurisdiction' over state-law claims if the court 'has dismissed all claims over which it has original jurisdiction.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir.2012) (*quoting* 28 U.S.C. § 1367(c)(3)); *see also Cortezano v. Salin Bank & Trust Co.,* 680 F.3d 936, 941 (7th Cir. 2012) ("Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits."). Although the decision to relinquish supplemental jurisdiction is within the district court's broad discretion, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co.*, 672 F.3d at 479 (*quoting Al's Serv. Ctr. v. BP Prods. N. Am., Inc.,* 599 F.3d 720, 727 (7th Cir.2010)).

In this case, as Sheppard's §1983 claims are subject to dismissal and dismissal in a way that amendment would be futile, the defendants respectfully request that the Court, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims.

### A. Writ of Mandamus (Count II)

Should the Court continue to exercise supplemental jurisdiction over the state law claims, the writ of mandamus requested is also subject to dismissal by this Court.

9

"Mandamus relief is an extraordinary remedy to direct a public official or body to perform a ministerial duty that does not involve the exercise of judgment or discretion." *Y-Not Project, Ltd. v. Fox Waterway Agency*, 2016 IL App (2d) 150502, ¶ 35, 50 N.E.3d 42, 50 (2d Dist. 2016) (citation omitted). "While mandamus is an appropriate remedy to compel compliance with mandatory legal standards, relief will not be granted when the act in question involves the exercise of discretion." *Id.* (citation omitted). "To withstand a challenge to the legal sufficiency of a complaint seeking mandamus, the complaint must allege facts establishing a clear right of the plaintiff to the desired relief, a clear duty of defendant to act, a clear authority in defendant to comply with the terms of the writ, and the activity sought to be compelled is ministerial and not discretionary." *Quinn v. Bd. of Election Commissioners for City of Chicago Electoral Bd.*, 2019 IL App (1st) 190189, ¶ 42, 132 N.E.3d 815, 827 (1st Dist. 2019) (citation omitted).

Sheppard claims that he was not served charges, not given a hearing, and not put before the Village Board. However, the plain language of 65 ILCS 5/3.1-35-10 does not provide for any of those things and Sheppard alleges that the Village, as a home rule municipality, has adopted 65 ILCS 5/3.1-35-10 with respect to the removal of a police chief. *See* Dkt. No. 1, ¶74, 75, 77. 65 ILCS 5/3.1-35-10 provides that the Chief may be fired "upon written charge" and that the removal is only ineffective if the Board is not provided the reasons for the removal within 5-10 days or the Board votes against removal by a two-thirds majority. Specifically, 65 ILCS 5/3.1-35-10 states:

> Except where otherwise provided by statute, the mayor or president may remove any officer appointed by the mayor or president under this Code, on any written charge, whenever the mayor or president is of the opinion that the interests of the municipality demand removal. The mayor or president shall report the reasons for the removal to the corporate authorities at a meeting to be held not less than 5 nor more than 10 days after the removal. If the mayor or president fails or refuses to report to the corporate authorities the reasons for the removal, or if the corporate authorities by a two-thirds vote of all members authorized by law to be elected disapprove of the removal, the officer thereupon shall be restored to the office from which the officer was removed. The vote shall be by yeas and nays, which shall be entered upon the journal of the corporate authorities. Upon restoration, the officer shall give a new bond and take a new oath of office. No officer shall be removed a second time for the same offense.

Sheppard also makes reference to 65 ILCS 10/2.1-4 and 17 for the proposition that he was entitled to a hearing and vote of the Board. *See* Dkt. No. 1, ¶72, 76, 78-79. However, it is confusingly pled as to what process exactly Sheppard is claiming governs – 65 ILCS 5/3.1-35-10 or 65 ILCS 10/2.1-4 and 17. *See, e.g.,* ¶72-79; But Sheppard is not entitled to a hearing under either process. At best, the reasons are submitted for a Board vote. At worst, the Mayor identifies his reasons and that can only be overruled by a 2/3 majority of the Board. Further, neither of these sections allow for his removal only on cause – instead it is any reason the Mayor selects with no restrictions. *See* 65 ILCS 5/3.1-35-10 ("whenever the mayor is of the opinion that the interests of the municipality call for removal"); 65 ILCS 10/2.1-4 and 17 ("the reasons for such removal or discharge").

Sheppard has not shown a clear right to being served with charges, a hearing or a Board vote in this case. Further, even if Sheppard was entitled to all of the things he thinks he is, his prayer for relief does not request that a writ issue

11

compelling that he be served with charges and subject to a hearing. Instead, Sheppard requests a writ providing him with reinstatement. There is no clear right to that. *See Rochon v. Rodriguez*, 293 Ill.App.3d 952,955, 689 N.E.2d 288, 291-292 (1st Dist.1997)(reinstatement not available to probationary police officers that were fired after missing too many basic training classes because there "was not a clear right to reinstatement"); *Cf. Szewyck v. Bd. of Fire and Police Com'rs of Richmond*, 381 Ill.App.3d 159, 168, 885 N.E.2d 1106, 1115 (2nd Dist. 2008)(improper termination without hearing warrants remedy of granting of a hearing); *Hoffman v. Bd. of Fire and Police Comm'rs of the City of Naperville*, 175 Ill.App.3d 219, 226-227, 529 N.E.2d 790, 796 (2nd Dist.1988)(holding that mandamus to promote an officer where officer had shown he was automatically entitled to promotion as next one on the list and "[u]nder the Board Rules, there was no discretion left in the promotion process.")

Sheppard's mandamus cannot issue as he has not shown a clear right and ministerial duty to reinstatement.

WHEREFORE, the Defendants respectfully request that this Court dismiss Counts I, III, IV-V with prejudice and that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. To the extent that the Court continues to exercise supplemental jurisdiction over the state law claims, the Defendants respectfully request that the Court dismiss Count II's writ of mandamus claim with prejudice.

Respectfully submitted,

By: */s/ Cynthia S. Grandfield*

Cynthia S. Grandfield (ARDC No. 6277559)
Alisha N. Chambers
DEL GALDO LAW GROUP, LLC
grandfield@dlglawgroup.com
(312) 222-7000 (t)
111 N. Wabash Avenue, Suite 908
Chicago, Illinois 60602